IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA MORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| WALLY'S PARK RIDGE, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, Patricia Mora, by her attorneys, the Law Offices of Joseph D. Ryan, P.C., and for her Complaint against defendant, Wally's Park Ridge, Inc., alleges as follows:

### Jurisdiction

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 1343(4), and 42 U.S.C. § 12188(a)(1).

2. Venue is proper in this Court under 28 U.S.C. § 1391 as the claim arose, and the defendant does business in, the City of Park Ridge, Illinois.

### Parties

3. Plaintiff Patricia Mora ("Mora") is a resident of Arlington Heights, Illinois. She is an individual with a disability within the meaning of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. because she has a physical impairment that substantially limits one or more of her major life activities. She uses a wheelchair for mobility.

4. Plaintiff is informed and believes, and on that basis alleges, that defendant, Wally's Park Ridge, Inc. ("Wally's") owns, operates and does business as the Wally's Restaurant located at 1006 North Northwest Highway, Park Ridge, Illinois.

5. The Wally's Restaurant owned and operated by defendant constitutes a place of public accommodation within the meaning of Title III of the ADA.

## Count I
## (Violation of the ADA)

6. Plaintiff hereby incorporates by reference paragraphs 1 through 5 as though fully set forth herein.

7. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, or operates a place of public accommodation. Discrimination under the ADA includes a failure to render a public accommodation accessible to individuals with disabilities and a failure to remove architectural barriers preventing their access and use of the facility.

8. On or about April 13, 2009, Plaintiff went to Wally's Restaurant to eat, but encountered numerous barriers that prevented her full use of the facilities, including but not limited to:

    a. No parking designated for handicap use;

    b. Obstructions to entering the facility, including automobiles and cement barricades which prevent access of plaintiff's wheelchair and a side entrance with a door with non-graspable handles;

  c. A counter for ordering and paying for food which is too high for plaintiff to use without assistance;

  d. A dining area that does not accommodate plaintiff's wheelchair until employees move existing seating;

  e. Obstructions which prevent access of plaintiff's wheelchair to a hallway leading to the restrooms and said hallway is too narrow to allow plaintiff to turn her wheelchair around; and

  f. Entrances to restrooms which are too narrow to accommodate plaintiff's wheelchair.

9. But for the barriers which continue to exist and that prevent plaintiff's full use of the Wally's Restaurant facilities, plaintiff would patronize Wally's Restaurant in the future.

10. Wally's has violated Title III of the ADA by its failure to render a public accommodation accessible to individuals with disabilities and by its failure to remove architectural barriers preventing their access to, and use of, the facility.

### Prayer for Relief

WHEREFORE, the plaintiff, Patricia Mora, respectfully requests that this Court enter judgment in her favor and against the defendant, Wally's Park Ridge, Inc., as follows:

  a. Declare that the presence of barriers preventing the full access to, and use of, Wally's Restaurant by persons in wheelchairs violates the Americans with Disabilities Act;

3

b.  Enjoin the defendant to: (i) cease violating the Americans with Disabilities Act, and (ii) bring Wally's Restaurant into full compliance with Americans with Disabilities Act;

c.  Award plaintiff her costs and reasonable attorneys fees incurred in the prosecution of this action; and

d.  Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

Patricia Mora,

_____
Joseph D. Ryan
One of her attorneys

Law Offices of Joseph D. Ryan, P.C.
1896 Sheridan Road
Highland Park, IL  60035
(847) 432-5971

4